CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

February 02, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Erica Jones
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:16-cr-00017 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| TYLER JOHNSON | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Before the court is defendant Tyler Johnson's pro se motion for early termination of supervised release.  (Dkt. No. 417.)  The United States has not opposed his request for relief. The court finds that a hearing is not necessary to resolve Johnson's motion, which the court will grant.[1]

## I.  BACKGROUND

Johnson pled guilty to a single count of conspiracy to distribute 50 grams or more of methamphetamine (actual) or 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.  On January 24, 2017, the court sentenced Johnson to a term of imprisonment of 90 months, to be followed by a five-year term of supervised release.  The court also imposed a special assessment of $100 and a fine of $1000.  (Jmt., Dkt. No. 300.)  Johnson served his term of imprisonment, was released from custody on January 13, 2022, and began his supervised release term on that date.

On January 5, 2026, the clerk received from Johnson a *pro se* motion asking for early termination of his remaining supervised release term.  (Dkt. No. 417.)  Johnson has now completed more than four years of his original five-year term.  According to both his motion and

---

[1]  A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not file an objection.  Fed. R. Crim. P. 32.1(c)(2).

his supervising officer, whom the court has consulted, he has complied with the terms of his

supervised release, has maintained a stable home and employment, has had no positive drug

tests, and has committed no new crimes.  Because he has done so well on supervised release, he

has been carried on the Probation Officer's administrative/low-risk caseload since January 2025,

and he has been compliant his entire time on supervision.  Also, all his criminal fines and fees

have been paid in full.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering certain factors set forth in

18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of

one year of supervised release if it is satisfied that such action is warranted by the conduct of the

defendant and the interest of justice.  As at sentencing, the court considers several factors,

including the nature and circumstances of the offense, the history and characteristics of the

defendant, the need for the sentence imposed to afford adequate deterrence, and the need to

protect the public from further crimes of the defendant.[2]  18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even

when the conditions for termination are met.  *Folks v. United States*, 733 F. Supp. 2d 649, 651

(M.D.N.C. 2010).  And in recent amendments to the sentencing guidelines, effective November

1, 2025, the U.S. Sentencing Commission emphasized that the court must conduct "an

individualized assessment of the need for ongoing supervision" in considering a request for early

termination.  U.S.S.G. § 5D1.4.

While Johnson's offense was serious, it was tied in large part to his substance use and

---

[2]  Certain sentencing factors are not to be considered when determining whether to grant early termination of supervised release.  18 U.S.C. § 3583(e).  These include the factors set forth in § 3553(a)(2)(A) and (a)(3), *id.*, which are the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and the kinds of sentences available.

addiction, and he has received treatment and apparently continues to do well in recovery. Additionally, he had no criminal history at the time of his offense, and, as the court noted initially in sentencing him, his history and characteristics are mostly positive.  He appears to have successfully transitioned back into the community, is living a stable life, and has been fully compliant with all terms of his release.

The court finds that there is no longer a need to protect the public or to deter Johnson from committing further crimes through the ongoing imposition of release conditions.  For these reasons, the court will grant Johnson's motion for early termination of his supervised release.

## III.  CONCLUSION

For the foregoing reasons, Johnson's motion for early termination of supervised release (Dkt. No. 417) will be granted.  The court will issue an appropriate order.

Entered: February 2, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge